WILLIAM H. BARSE, *vs.* JOHN ERNST, MARY ERNST, *et al.*

When a third person, an Attorney, intrusted in preserving the property for the benefit of his clients intervenes and deposits money to secure the payment of the judgment, but with the understanding that the execution shall be enforced for his benefit, and the defendants make no effort to pay the execution, but trust to the interposition of others, and pay or secure nothing. *Held,* That it be treated as an equitable assignment of the execution and judgment for the benefit of the intervening party, and that the plaintiff assign to the party so depositing, or in case he fail to do so, that the execution be enforced and sale made for his benefit.

*Bay Circuit, June* 1870.

A Motion to set aside levy, notice of sale and execution and for a perpetual stay of execution.

*Green & Schofield* for Plaintiff.

*Taylor & Wheeler,* for Defendant.

*By the Court,* MITCHELL. J.—By the proof made by affidavit, it appears the plaintiff having obtained a judgment in Justice's Court took out an execution which was returned unsatisfied and a transcript of the judgment and proceedings filed in this Court. An execution was then placed in the hands of the Sheriff who then had another execution against the defendant, upon which he had levied upon and advertised real estate for sale. Soon after receiving the execution in this case, Mr. Shepard, an attorney of this Court, who was attorney for plaintiff in first execution, and had for clients some other claims, by mortgages, against the same real estate, and who was desirous of perfecting his client's liens handed to the Sheriff the amount of the Barse execution, with costs, to be treated as a deposit to secure its payment upon the sale of the property upon the first execution, and if that should be paid then to sell upon this. The Sheriff gave the money so deposited to the attorneys of Barse, to whom he stated the manner and nature of the deposit, but they not fully understanding the facts treated the deposit as a payment, and entered upon the docket a satisfaction of the judgment, and gave the money to the plaintiff, who received and treated it as payment of his judgment. All parties connected with the deposit by Shepard, un-

deratanding that the execution and sale were to be continued for the benefit of Shepard, who had deposited the money.

The defendants do not claim that they paid any part of the money or have done anything to satisfy or discharge the judgment or execution.

I think this case broadly distinguished from the cases cited in most of which there were efforts to continue the execution for the benfit of the Sheriff, who had continued or changed levies upon other securities and had provided for payment of the execution.

In this case it is ordered that the plaintiff, Barse, assign the judgment and execution to Theodore F. Shepard, dated back to the time when such deposit was made by said Shepard, and in case he refuse to do so, that this order shall have the effect of such assignment, and that the said motion to vacate be and the same is hereby overruled and denied, and that said execution, notice of sale and sale be continued and proceed until said executions are satisfied and paid by the defendant or by the sale of the property.